## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN DOE 58, an individual | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| VS. | ) |
| | ) |
| | ) |
| THE UNIVERSITY OF KANSAS, | ) |
| | ) |
| Serve at: | ) |
| | ) |
| C/O Derek Schmidt | ) |
| Attorney General | ) **JURY TRIAL DEMANDED** |
| State of Kansas | ) |
| 120 SW Tenth Avenue | ) |
| Topeka, Kansas 66612 | ) Case No. |
| | ) |
| And PROFESSOR J.S., in his official capacity | ) |
| and Individually, | ) |
| | ) |
| Serve at: | ) |
| 445 Adam Ave | ) |
| Lawrence, KS 66047-1878 | ) |
| | ) |
| **DEFENDANTS.** | ) |

### PLAINTIFFS' PETITION FOR DAMAGES

COMES NOW Plaintiff and for his cause of action against the Defendants allege as follows:

1.      Plaintiff John Doe 58 brings this lawsuit to seek compensation and redress for harms he suffered as a result of the hostile educational environment created by Defendant J.S. and Defendant The University of Kansas in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) and Kansas common law.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the causes of action asserted herein and over the

parties to this action.  Plaintiffs assert claims under Title IX of the Education Amendments of

1972, 20 U.S.C. § 1681(a) and under Kansas common law.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) since most if not if

not all of the alleged acts and wrongdoing occurred in Douglas County and the Defendant The

University of Kansas is located and conducts its business in the District of Kansas.

## PARTIES

4.      Plaintiff John Doe 58 is an adult male and resides in Johnson County, Kansas.

5.      Defendant University of Kansas is located in Douglas County, Kansas. (Hereinafter

"KU")

6.      Defendant J.S. is an adult male and resides in Douglas County, Kansas.

7.      At all times material, Defendant KU was and continues to be a corporation doing

business  in Kansas with its principal place of business located at 1450 Jayhawk Blvd. Lawrence,

KS 66045.

8.      At all times relevant, KU faculty and staff were under the direct supervision and

control of Defendant.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

9.      At all times relevant, Professor J.S. was employed as a professor by KU.

10.     In the spring of 2015, Professor J.S. was Plaintiff's theater professor.

11.     During the spring of 2015, Professor J.S. showed a high level of interest in Plaintiff.

12.     In the spring of 2015, Professor J.S. invited Plaintiff to his home for dinner.

13.     Professor J.S. told Plaintiff that other students would be in attendance, but when

2

Plaintiff arrived, he was the only student present.

14.     When Plaintiff arrived, Professor J.S. was intoxicated.

15.     Professor J.S. sexually assaulted Plaintiff by forcefully kissing him and grabbing his genitals.

16.     At no point in time did Plaintiff solicit or welcome Professor's J.S.'s sexual advances.

17.     Soon after the sexual assault took place, Plaintiff reported it to KU's Office of Institutional Opportunity and Access ("IOA").

18.     IOA is responsible for:

    a)     offering assistance and protective measures to students, faculty, and staff who report acts of harassment, discrimination, sexual misconduct, sexual violence, and retaliation;

    b)     providing information about health, safety, advocacy, and support resources for members of the Lawrence and Edwards campuses;

    c)     performing formal investigations to detect, discontinue, and prevent violations of the Non-Discrimination Policy and Sexual Harassment Policy and;

    d)     ensuring University compliance with state and federal civil rights laws.

19.     IOA began an "investigation" into Plaintiff's claims, but that investigation was inadequate and never completed.

20.     During the investigation, Plaintiff believes the investigators engaged in victim blame and victim shaming instead of investigating the allegations of the complaint.

21.     Before the investigation was complete, the investigators assigned left their

position. In violation of IOA and Title IX policies, KU never continued or completed the investigation.

22.     At the time of those events, KU knew or should have known that Professor J.S. sexually assaulted at least one other student prior to his assault on Plaintiff.

23.     KU had previously conducted an investigation into Professor J.S.'s drunkenness and established that it adversely affected his job performance.

24.     Professor J.S. was not disciplined or terminated for his prior sexual assaults and drunkenness nor was he disciplined or terminated for his sexual assault upon Plaintiff.

25.     As a result of the assault and KU's actions, Plaintiff had difficulty returning to class.

26.     Because Plaintiff was not able to attend class as a result of the assault, he was ineligible for financial aid and unable to afford his education.

27.     In violation of Title IX and IOA policies, failed to protect Plaintiff from the assault and following the assault failed to render services and care to facilitate his re-integration into the classroom free from harassment.

28.     When Plaintiff returned to KU in the fall of 2015, he enrolled in a Movement class with Professor Leslie Bennett.

29.     On several occasions, a student within the class ("John Doe G"), harassed Plaintiff by making inappropriate sexual comments toward Plaintiff in class, staring at Plaintiff's butt while he stretched and positioning himself as Plaintiff's partner during classroom activities.

30.     In one instance, John Doe G put his hands on Plaintiff in a sexually overt manner.

31.     At no point in time did Plaintiff solicit or welcome John Doe G's sexual advances.

32.     At all relevant times, Professor Bennett observed John Doe G's harassing behavior

toward Plaintiff and took no protective or preventative action.

33.     Plaintiff asked Professor Bennett to report John Doe G's actions to IOA.

34.     Instead of reporting the harassment as mandated by IOA and Title IX, Professor Bennett called the counseling services. Plaintiff was counseled about homophobia and anger issue.

35.     John Doe G continued to harass Plaintiff. On one occasion, John Doe G screamed at Plaintiff and accused him of calling John Doe G a "faggot", which did not occur.

36.     The next day, Professor Bennett repeatedly called and texted Plaintiff expressing her anger at Plaintiff over John Doe G's unsubstantiated report. When Plaintiff arrived at school he was immediately sent to the counseling office. Plaintiff's complaints of harassment were not addressed.

37.     Upon information and belief, Defendant J.S. was subsequently fired by KU.

38.     IOA also began an investigation into Plaintiff's complaints of sexual harassment.

39.     IOA's investigation into Plaintiff's claims of sexual harassment was inadequate, incomplete and non-compliant with Title IX and/or other rules, regulations and statutes concerning discrimination and/or sexual assault.

40.     IOA failed to perform formal investigations to prevent and stop or discipline discrimination and/or sexual harassment.

41.     Instead, on several occasions, Plaintiff was repeatedly requested by officials on behalf of KU and IOA to sign documents saying that IOA had conducted a thorough investigation into all of Plaintiff's claims of sexual assault and harassment.

42.     These documents also contained language releasing KU from any liability for Plaintiff's harms. Plaintiff did not sign these documents.

43.     As a result of KU's actions and failure to act, the Plaintiff was forced to leave KU in April of 2016.

44.     As direct result of the Defendants' actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs. Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

## COUNT I
## TITLE IX DISCRIMINATION AND SEXUAL HARASSMENT—
## HOSTILE EDUCATIONAL ENVIRONMENT

45.     Plaintiff incorporates the above referenced paragraphs of this Petition as if fully set forth herein.

46.     Plaintiff was a victim of sexual assault by Professor J.S., an employee of Defendant KU who had a history of sexually assaulting students.

47.     Plaintiff also suffered sexual harassment at the hands of John Doe G, a fellow KU student.

48.     Plaintiff suffered discrimination on the basis of his gender when Defendant KU failed to conduct an adequate investigation into Plaintiff's reports of sexual assault and harassment.

49.     KU had actual knowledge that Professor J.S. sexually assaulted Plaintiff and that Plaintiff was sexually harassed by John Doe G.

6

50.     KU was deliberately indifferent to the harassment Plaintiff suffered, in that:

a)      KU failed to take reasonable steps to prevent sexual assault and harassment, including failing to offer assistance and protective measures to students, faculty, and staff who report acts of harassment, discrimination, sexual misconduct, sexual violence, and retaliation;

b)      KU denied Plaintiff the service of IOA's investigation on the basis of Plaintiff's sex;

c)      KU perpetuated discrimination and harassment against Plaintiff by failing to discipline or reprimand John Doe G for sexually harassing Plaintiff;

d)      KU failed to prevent Professor J.S., a known sexual predator, from sexually assaulting Plaintiff and other KU students;

e)      KU failed to reprimand Professor J.S. pending the outcome of KU's investigation following Plaintiff's claim of sexual assault;

f)      KU failed to discipline, train or supervise its employees, causing them to fail to comply with IOA and Title IX policies;

g)      KU failed to conduct an expedient investigation or hold a timely hearing in order to resolve Plaintiff's report;

h)      KU unlawfully intimidated Plaintiff in an effort to avoid liability for its lack of investigation into Plaintiff's Title IX reports.

i)      KU's conduct is prohibited by Title IX.

51.     The sexual harassment and assault was unwelcome, severe, pervasive and objectively offensive and deprived Plaintiff of access to the educational benefits and opportunities KU offered.

52.    The harassment had the systematic effect of depriving Plaintiff of access to educational benefits or opportunities

53.    Defendant KU's corrective or preventive opportunities regarding Plaintiff's report of sexual harassment and retaliation, if any, were unreasonable and inadequate.

54.    Defendant KU's indifference and resulting inaction was wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well being.

55.    As a direct and proximate result of the Defendants' actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs.  Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims, as well as lost earnings and/or earning capacity.

## COUNT II
## TITLE IX RETALIATION

56.    Plaintiff incorporates the above referenced paragraphs of this Petition as if fully set herein.

57.    Plaintiff engaged in a protected activity under Title IX when he:

   a)    Reported his sexual assault;

   b)    Reported his sexual harassment;

   c)    Participated in a group IOA meeting with the IOA care coordinator

   regarding the sexual assault and harassment.

58.    As a result of engaging in this protected activity, Plaintiff suffered adverse actions, including:

8

a)   Financial aid withholding disbursement of educational funds;

b)   Acts of intimidation by KU;

c)   Halting and ceasing any further investigation into Plaintiff's reports;

d)   Engaging in intimidation and harassment of Plaintiff;

e)   Soon after Plaintiff made his Title IX reports KU terminated the three IOA investigators assigned to Plaintiff's case effectively ending investigation into Plaintiff's reports.

59.   Defendant KU's administration had actual knowledge of the retaliation Plaintiff was suffering.

60.   KU failed to supervise employees that had the means and authority to stop the harassment Plaintiff experienced.

61.   Defendant's indifference and resulting inaction was deliberate, wanton, willful and with reckless disregard and neglect of Plaintiff's rights, safety and well-being.

62.   As a direct and proximate result of the Defendants' actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs. Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

## COUNT III
## ASSAULT AND/OR BATTERY

63.   Plaintiff incorporates the above referenced paragraphs of this Petition as if set forth herein.

64.     Defendant J.S. engaged in sexual conduct and contact upon the person of the Plaintiff.

65.     The sexual touching of Plaintiff was done with the intention of bringing about a harmful or offensive contact.

66.     Defendant J.S.'s unwanted sexual touching of Plaintiff would be harmful and offensive to any reasonable person.

67.     The threat and act of sexual touching of Plaintiff was done with the intention to place him in fear of imminent danger.

68.     Plaintiff did not consent to the battery.

69.     Defendant J.S.'s actions were willful, wanton or reckless for which punitive damages and/or an award for aggravating circumstances are appropriate.

70.     Defendant KU aided and abetted the sexual assault of the Plaintiff in that if knew of Professor J.S.'s propensity to sexually assault students but ratified that behavior in continuing to employ J.S. and grant him authority to interact with students in unsupervised settings.

71.     As a direct and proximate result of the Defendant's actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs.  Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claim, as well as lost earnings and/or loss earning capacity.

## COUNT IV
## OUTRAGEOUS CONDUCT

72.     Plaintiff incorporates the above referenced paragraphs of this Petition as if fully set forth herein.

73.     At all times relevant, Defendants engaged in extreme and outrageous conduct, intended to cause or committed in reckless disregard of the probability of causing emotional distress and harm.

74.     Defendants engaged in unconscionable conduct beyond all possible bounds of decency and utterly intolerable in a civilized society.  Defendants' conduct caused Plaintiff severe and extreme emotional distress of such a nature that no reasonable person in a civilized society could  be expected to endure it.

75.     Plaintiff suffered medically significant and diagnosable distress as a result of Defendants' actions as set forth in the Background Facts Applicable to all Counts.

76.     As a direct and proximate result of the Defendants' actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs.  Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims, as well as lost earnings and/or loss earning capacity.

## COUNT V
## NEGLIGENT SUPERVISION, RETENTION AND FAILURE TO WARN
### (Defendant KU)

77.     Plaintiff incorporates the Background Facts Applicable to all Counts as if fully set forth herein.

78.     At all times material, Defendant KU supervised Defendant J.S., a professor at KU.

79.     Defendant KU owed Plaintiff and other students a duty of care because  Plaintiff was a student at KU, a status the Defendant KU invited.

80.     Defendant KU knew that Plaintiff was sexually assaulted by Defendant J.S.

81.     Defendant KU knew or reasonably should have known of the dangerous and exploitative propensity of Defendant J.S. prior to his assault of Plaintiff and knew that harm was foreseeable to students with whom J.S. interacted.

82.     Defendant KU knew or reasonably should have known that Defendant J.S. previously sexually assaulted other KU students, but despite that knowledge, negligently retained and / or failed to supervise J.S. in his position of trust, allowing him to commit  acts of sexual assault against Plaintiff.

83.     Defendant KU knew or reasonably should have known that Defendant J.S. presented a substantial risk of harm to students but failed to warn, notify or report this knowledge to anyone with authority, including the authorities or Plaintiff.

84.     Defendant KU failed to provide reasonable supervision of J.S., failed to use reasonable care in investigating, hiring and retaining J.S. and failed to provide adequate warning to Plaintiff or other students of Defendant J.S.'s dangerous propensities.

85.     Defendant KU breached its duty of care by failing to remove Defendant J.S., failing to  report Defendant J.S., and failing to protect the Plaintiff and other students.

12

86.     Defendant KU breached their duty of care by failing to supervise Defendant

J.S. appropriately, including failing to supervise his activities with students, allowing him to

have  access to students after Defendant KU had reason to know of his dangerousness.

87.     Defendant KU breached their duty of care by inviting Plaintiff as a student,  and

then actually increasing the likelihood that the Plaintiff would be harmed by placing a sexual

predator in his presence.

88.     Defendant KU disregarded the known risk of sexual assault.

89.     Defendant KU's actions caused injury to Plaintiff as he was sexually assaulted.

90.     As a direct and proximate result of the Defendant KUs' actions, Plaintiff has been

caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized

anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of

emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of

enjoyment of life, missed educational opportunities and out of pocket costs.  Plaintiff has

sustained or may in the future sustain expenses for medical and psychological treatment, therapy

and counseling claims as well as lost earnings and/or earning capacity.

### COUNT VI
### NELGIGENT INFLICTION OF EMOTIONAL DISTRESS

91.     Plaintiff incorporates the Background Facts Applicable to all Counts and Count V as

if fully set forth herein.

92.     Defendant J.S. sexually assaulted Plaintiff when he forcefully kissed Plaintiff and

grabbed his genitals without Plaintiff's consent.

93.     The sexual assault was a physical impact upon the person of Plaintiff.

94.     Defendant J.S.'s actions inflicted emotional distress upon Plaintiff.

95.     Defendant KU ratified the behavior of Defendant J.S., rendering it liable for J.S.'s actions.

96.     As a direct and proximate result of the Defendant's actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs.  Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

### COUNT VII
### NEGLIGENCE
### (Defendant KU)

97.     Plaintiff incorporates the Background Facts Applicable to all Counts and Count V and VI as if fully set forth herein.

98.      Defendant KU owed Plaintiff and other students a duty of care because  Plaintiff was a student at KU, a status Defendant KU invited.

99.     Defendant KU breached its duty to Plaintiff in the following ways:

    a)     Failing to conduct a reasonable investigation into Plaintiff's complaint of harassment;

    b)     Failing to reasonably investigate or otherwise handle Plaintiff's Title IX complaints and/or common law complaints regarding the actions of Professor J.S.

    c)     Failing to continue investigation of Plaintiff's Title IX report after the investigating IOA officers left their employment with KU;

14

d)      Failing to address John Doe G's sexual harassment of Plaintiff while both students were in class;

e)      Failing to ameliorate the harm caused to Plaintiff;

f)      Failing to provide supportive care to Plaintiff as he re-integrated into the classroom;

g)      Failing to supervise employees that had the means and authority to stop the harassment Plaintiff experienced;

h)      Failing to prevent Professor J.S., a known sexual predator, from sexually assaulting Plaintiff and other KU students;

i)      Failing to reprimand Professor J.S. pending the outcome of KU's investigation following Plaintiff's claim of sexual assault;

j)      Failing to discipline, train or supervise its employees, causing them to fail to comply with IOA and Title IX policies;

k)      Failing to conduct an expedient investigation or hold a timely hearing in order to resolve Plaintiff's report;

l)      Other similar actions that resulted in Plaintiff's harm.

100.   As a direct and proximate result of the Defendant's actions, Plaintiff has been caused to suffer from suicidal thoughts, panic attacks, PTSD, chronic depression and generalized anxiety disorder. Plaintiff also suffers shock, emotional distress, physical manifestations of emotional distress, embarrassment, and loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, missed educational opportunities and out of pocket costs.  Plaintiff has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks that this Court award judgment against Defendants as follows:

A.      Awarding compensatory, statutory and punitive damages in favor of Plaintiff against Defendant for damages sustained as a result of the wrongdoings of Defendants, together with interest thereon;

B.      Awarding Plaintiff his costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiffs' attorneys, experts, and reimbursement of Plaintiffs' and counsel expenses;

C.      Granting such other and further relief as the Court deems appropriate and just.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues triable in this case.

Respectfully Submitted:

RANDLES MATA, LLC

Rebecca M. Randles, KS #16832
Candice Johnson-Bryant, D. Kan #78670
406 West 34th Street, Suite 623
Kansas City, MO 64111
rebecca@randlesmatalaw.com
candice@randlesmatalaw.com
(816) 931-9901, (816) 931-0134 (fax)

Attorneys for Plaintiff

16